

FILED

**NOT FOR PUBLICATION**

NOV 29 2021

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

G AND J HEAVY HAUL, INC., a
California corporation; GORDON
BARRETT ARCHER,

Plaintiffs-Appellants,

v.

WILLIAMSBURG NATIONAL
INSURANCE COMPANY, a California
corporation; DOES, 1 through 100,
inclusive,

Defendants-Appellees.

No.   21-55297

D.C. No.
8:20-cv-00657-JVS-ADS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted November 15, 2021**
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: BYBEE and BENNETT, Circuit Judges, and BATAILLON,[***] District Judge.

Appellants G & J Heavy Haul, Inc., and Gordon Barrett Archer appeal the district court's grant of summary judgment in Williamsburg National Insurance Company's favor on their breach of contract and bad faith claims. "We review a district court's grant of summary judgment *de novo*, and may affirm on any basis supported by the record." *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). "Our review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56." *Id.* "We determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 832 (9th Cir. 2002). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

G & J Heavy Haul argues that Williamsburg's reservation of rights created a conflict of interest requiring independent counsel under California Civil Code Section 2860 and that, by not paying for the attorney G & J Heavy Haul hired in the underlying action, Williamsburg has breached the insurance contract

---

[***]  The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

2

and the implied covenant of good faith and fair dealing. The district court properly granted summary judgment on both claims.

1.      It is well established by California case law that "not every reservation of rights creates a conflict of interest requiring appointment of independent counsel." *Blanchard v. State Farm Fire & Cas. Co.*, 2 Cal. Rptr. 2d 884, 887 (Cal. Ct. App. 1991). A reservation of rights only creates a conflict of interest if the outcome of the coverage issue can be controlled by counsel retained by the insurer. *Federal Ins. Co. v. MBL, Inc.*, 160 Cal. Rptr. 3d 910, 920 (Cal. Ct. App. 2013). "If the issue on which coverage turns is independent of the issues in the underlying case, [independent] counsel is not required." *Blanchard*, 2 Cal. Rptr. 2d at 887. Williamsburg's reservation of rights acknowledged coverage under either the trucker liability policy or the general liability policy depending on the allocation of responsibility in the underlying litigation. The only issue to be resolved was which of the two policies would cover G & J Heavy Haul's potential liability. Retained counsel had no incentive to shift blame or develop a particular theory of liability because Williamsburg would be required to cover G & J Heavy Haul's liability either way. *See id.* (noting that "[i]nsurance counsel had no incentive to attach liability to appellant" in denying claim that independent counsel was required). California Civil Code Section 2860 treats issues like these as extrinsic to the

3

underlying action and not grounds for appointment of independent counsel. There is no genuine issue of material fact as to whether there was a conflict of interest between Williamsburg and G & J Heavy Haul. Summary judgment was appropriate on the breach of contract claim.

2.      Because G & J Heavy Haul was not entitled to independent counsel under Section 2860, Williamsburg did not breach the insurance contract by refusing G & J Heavy Haul's requests for independent counsel in the underlying action. Williamsburg cannot be liable for bad faith unless it deprives G & J Heavy Haul of some benefit due under the contract. As we have explained, "California law is clear, that without a breach of the insurance contract, there can be no breach of the implied covenant of good faith and fair dealing." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008) (citing *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 638–39 (Cal. 1995)). The district court properly granted summary judgment on G & J Heavy Haul's bad faith claim.

**AFFIRMED.**